UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY E. WALTON,<br><br>               Petitioner<br><br>    v.<br><br>WARDEN OF FCI-SCHUYLKILL,<br><br>               Respondent. | CIVIL ACTION NO. 3:25-CV-00664<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Presently before the Court is Petitioner Bobby E. Walton's ("Walton") petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (Doc. 1). Walton seeks to be to receive at least six months placement in a residential re-entry center ("RRC"). (Doc. 1). It appears that Walton has already been placed in an RRC. Therefore, the Court will dismiss the petition as moot.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Walton initiated this action by filing the instant petition on April 14, 2025. (Doc. 1). Walton was incarcerated at the Federal Correctional Institution Schuylkill ("FCI-Schuylkill") at the time he filed his petition. (Doc. 1). In this petition, he seeks placement in an RRC facility. Following payment of the filing fee in full on April 22, 2025, the Court entered an order requiring Respondent to respond to the petition. (Doc. 4; Doc. 5). Respondent filed a response on April 29, 2025. (Doc. 6). The Court received and docketed Walton's traverse on June 23, 2025. (Doc. 8.)

In light of Walton's request to be released to an RRC, the Court *sua sponte* accessed the Bureau of Prisons' inmate locator, *available at* https://www.bop.gov/inmateloc/, to

determine whether Walton has since been placed in a an RRC. According to the inmate locator, however, Walton is currently listed as in the custody of the Residential Reentry Management felid office in Chicago with a release date of January 31, 2026. Therefore, Walton is currently housed in an RRC.

## II. DISCUSSION

In light of Walton's transfer to an RRC, this matter is now moot and must be dismissed. According to the mootness doctrine, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, Walton sought to be transferred to an RRC. Walton has been since transferred to an RRC. Thus, this ground for relief is now moot.

## III. CONCLUSION

For the above stated reasons, the Section 2241 petition will be dismissed as moot. The Clerk of Court will be directed to close the case.

An appropriate order follows.

Dated: January 30, 2026                                 *s/ Karoline Mehalchick*
                                                                                    **KAROLINE MEHALCHICK**
                                                                                    **United States District Judge**